**Jerome P. WILKES, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 22161.**

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 1, 1969.

Decided Oct. 31, 1969.

---

Mr. John W. Karr, Washington, D. C. (appointed by this court) for appellant.

Mr. James L. Lyons, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., Roger E. Zuckerman and Robert P. Watkins, Asst. U. S. Attys., were on the brief, for appellee. Messrs. David G. Bress, U. S. Atty., at the time the record was filed, and John A. Terry, Asst. U. S. Atty., also entered appearances for appellee.

Before BAZELON, Chief Judge, WILBUR K. MILLER, Senior Circuit Judge and MacKINNON, Circuit Judge.

BAZELON, Chief Judge:

Appellant advances three grounds for reversal of his conviction for robbery and two counts of assault with a dangerous weapon. The only one which merits discussion is whether he was deprived of his sixth amendment right to compel testimony.

One Morgan was indicted with appellant on the armed robbery charge. Morgan was not tried with the appellant, but appellant called him as his first defense witness. The trial court halted the direct examination of Mr. Morgan shortly after it had commenced and questioned defense and prosecution attorneys at the bench. The judge ascertained from them that Morgan was still under indictment for the instant offense but had not consulted his own attorney regarding his testimony. Defense counsel represented (as he had in his opening argument to the jury) that Morgan would testify that he was not with appellant on the day of the robbery; the trial judge concluded that the risk of self-incrimination was nevertheless such that Morgan should consult with his counsel. Therefore, the trial judge adjourned for the day and told Morgan

> You don't have to testify or make any statement that might cause you to be implicated in this crime, you understand what I mean? That is the reason I continued this case till tomorrow morning to give you an opportunity to talk to your lawyer. (Tr. 205)

When the trial recommenced neither Morgan nor his attorney was present. Instead, the Assistant United States Attorney informed the court that he had been told by Morgan's counsel that Morgan had consulted with him and had decided not to testify, although the charges against him for the instant offense were to be dropped at the time of his sentencing for another crime. The trial court accepted this representation by the prosecutor, and appellant raised no objection. In this court, however, he claims it was error for the trial court to fail to require Morgan personally to assert his privilege against self-incrimination. We cannot agree.

■ The difficulty facing appellant is not that, absent a timely objection, he must urge his point under the stringent standard governing plain error. Cf. Rule 52(b), Fed.R.Crim.P.. Rather, appellant's failure to insist that Morgan take the stand when trial recommenced and personally assert the privilege completely vitiates any grounds for complaint. In any event, the trial judge could not have compelled Morgan to testify. Ellis v. United States, 135 U.S. App.D.C. 35, 416 F.2d 791 (April 30, 1969). Appellant's trial counsel apparently made the tactical decision that appellant's case was better served by forgetting about Morgan than it would have been for counsel to put the co-defendant on the stand and make him invoke the fifth amendment.

In the circumstances of this case, Morgan's brief appearance on the witness stand does not differentiate him from any other prospective witnesses whom appellant's trial counsel might have interviewed but who refused to testify for fear of self-incrimination. Appellant could complain of their failure to explain to the court their reasons for invoking the fifth amendment only if he had insisted that they take the witness stand once they had asserted the privilege. The same is true of Morgan.

Affirmed.